GRANT *et al.*, Defendants in Error, v. KING, Plaintiff in Error.

1. In an action under the statute which prescribes the mode of proceeding in quieting title, (R. C. 1855, p. 1241, § 62–3,) actual notice is required in order to give the court jurisdiction; notice by publication to a non-resident is not sufficient.

*Error to Linn Circuit Court.*

*Lander & Harris*, for plaintiff in error.

I. The statute on which this proceeding is based (R. C. 1855, p. 1241, § 62–3) provides that the person against whom such a proceeding as this is instituted may be summoned, &c., and upon the return of the order of notice, duly ex-

ecuted, &c. The whole tenor and spirit of the act seems to require a personal service of the notice, not a mere constructive notice by publication.

II. The proceeding is against a non-resident of the state, and, under the constitution of the United States and the laws of Congress, he has an election to sue a citizen of this state, either in the state courts or in the federal courts. To enforce the provisions of this statute against non-residents, would be to deprive him of this right of election. The courts in Massachusetts, from whose statutes ours was taken, so construe this law. (Macomber v. Jaffray, 4 Gray, Mass., 82; same case, 17 U. S. Dig. 492, quieting title.)

NAPTON, Judge, delivered the opinion of the court.

The proceeding under the sixty-second and sixty-third sections of the sixth chapter of our practice act is a novel and somewhat anomalous one, and this is, I believe, the first or second case in which this court is called upon to give it a construction. In this case the petition states that the plaintiffs are the owners in fee of a quarter section of land, (describing it,) and are lawfully in possession; that they are credibly informed and believe that the defendant makes some claim adverse to their own; that he is a non-resident of the state, and therefore an order of publication is asked, summoning him to show cause why he should not bring an action to try his alleged title, if any, to said land.

This petition was demurred to, on the ground that the statute only applied to resident defendants, who could be notified in the usual mode pointed out by law, and this presents the only question in the case.

The sixty-second section provides that the court shall " order notice to be given to the defendant," and upon return of such " order of notice," duly executed, the court shall proceed as in other causes. The sixty-third section allows the defendant to disclaim title, or to show cause why he should not be required to bring an action.

The general scope of this law seems to require actual notice in order to give the court jurisdiction. The defendant may be able to show sufficient reasons for not bringing his suit to try his title, and the law does not appear to contemplate that any decree depriving him of his title shall be made without giving him this opportunity. But if a mere notice in a newspaper is to constitute the notice required, then a non-resident can be deprived of his title without a hearing and without notice in fact. The proceeding bears no analogy to ordinary actions against non-residents, having property here liable to be attached for debt. The law in such cases uses ordinary precaution to insure the honesty and *bona fides* of the claim, and allows it to be satisfied out of the property of a non-resident without actual notice. Such remedies proceed upon the presumption that a man must be aware of his debts and liabilities, and if he has property in another country where the debts are due, he can not complain that his property is taken to pay them without actual personal notice. But when he is conscious of having contracted no liabilities, in a jurisdiction where his land lies, he could not be expected to take notice of a proceeding requiring him to bring a suit to obtain possession of his land, so long as he is within the time prescribed by the statute of limitations. We do not say that the legislature could not so make the law; it is not necessary to speculate on this point; but the statute we have been considering does not so declare expressly, and, as the proceeding is somewhat peculiar, it ought to be confined to such cases as clearly fall within the intent of the act.

Judgment reversed; Judge Ewing concurs. Judge Scott absent.