ROE, casual ejector, and JOSEPH THOMAS, tenant, plaintiff in error, *vs.* DOE ex. dem., JOHN MALCOM, *et al.*, defendant in error.

When upon the trial of an action of ejectment for the recovery of a lot of land and the mesne profits thereof, the tenant offered to prove the increased value of the lot of land, resulting from the improvements made thereon by the tenant, as a set-off to the mesne profits claimed by the plaintiff, but the Court refused to allow the tenant to prove the increased value of the premises resulting from the improvements made thereon by the tenant, but restricted him to the actual value of the improvements put on the land by him : *Held*, that a fair construction of sections 2855 and 3416, of the Code, allows the tenant to prove the increased value of the premises resulting from the improvements made thereon by the tenant, and to set-off the value thereof, in an action for mesne profits within the limitation imposed by the 3416 section of the Code.

When a Justice's Court *fi. fa.* was backed by a Justice of the Peace on the 18th of October, 1832, without stating the county in which the act was done, and the *fi. fa.* was levied upon the land on the 19th October, 1831, by a Constable of Lee county, who turned the same over to the Sheriff, who sold the land in February 1832: it was a fair legal presumption, that the Justice who backed the *fi. fa.* was a Justice of Lee county : especially, after so long a period of time has intervened since the sale of the land.

(BROWN, C. J., dissents as to the last head note.)

(McCAY, J., did not preside in this cause.)

Ejectment. Motion for new trial. Decided by Judge JAMES M. CLARK. Sumter Superior Court. April Term, 1869.

Thomas *vs.* Malcom *et al.*

This was ejectment upon the several demises of John Malcom, Hillman Hawks, *et. al.*, against John Thomas, tenant in possession, for land lot No. 43, in the 17th district of originally Lee, now Sumter county.

The plaintiff introduced at the trial as his muniment of title to said lot, the following evidence : A grant from the State to Charles Weeks, of Adam's District, Morgan county, dated February 3d, 1832 ; a deed from John Kinney, as sheriff of Sumter county, to Dennis Hill, dated February 7th, 1832, made in pursuance of a sale by him, as such sheriff, on that day, under a *fi. fa.* in the following words and figures :

"GEORGIA, MORGAN COUNTY.

"You are hereby required that of the goods and chattels of Charles Weeks, you make the sum of twenty-five dollars and twenty-five cents, which was adjudged to James Clark, as his debt, November the 16th, 1820, as his debt, with interest from the 14th March, 1819, $1 25 costs, cost 31¼ cents for this execution ; make the above sum of money : hereof fail not.   Given under my hand this 14th Feb'y. 1821.

FRED'K HELENBECK, J. P."

"No property found in this District to satisfy this execution.   May 2d, 1823.                    THOMAS BLOODWORTH, Constable.

"GEORGIA, NEWTON COUNTY.

"To any lawful officer to execute.   January 21st, 1830.

RICHARD KENNON, J. P.

"No property found to levy this *fi. fa.* on, January 22, 1830.

JOHN PUCKET, Constable.

"October 28th, 1831, this is to any lawful officer to execute and return.                                JOHN A. BURK, J. P.

"GEORGIA, LEE COUNTY.

"October the 29th, 1831.   Levied the within *fi. fa.* on lot No. 43, in the 17th district of the county, the property pointed out by the plaintiff.

LEVI SPENCER, Constable.

"The above levy sold for twenty-six dollars, deducting the plot and grant and costs.   Rec'd of John Kenney, Sheriff, eleven dollars 12½ cts. of the within *fi. fa.*   Feb'y. 7th, 1832.           DENNIS HILL."

One of the witnesses to this deed, was one Winn, who signed as Justice of the Inferior Court.

This deed and *fi. fa.* were objected to as evidence, because of certain alterations and erasures apparent on the deed, and because the *fi. fa.* was not directed to any officer, did not show in what district of Morgan county the judgment on which the *fi. fa.* was founded, was entered, nor did it appear to have been backed by a Justice of the peace of Lee county before it was levied on said lot, because the *fi. fa.* and entries on it did not authorize the constable to make the levy, or the sheriff to make the sale so as to pass title. All these objections were overruled.

Plaintiff's attorney traced title down from Hill to Malcom and Hawks. They then introduced the defendant, and showed by him the *locus in quo ;* his possession at the begining of the suit, 10th of March, 1860 ; that one hundred acres of said lot were cleared and in cultivation by him; that these acres were worth three dollars per acre for rent for each of the three years last past, and that the improvements of the place by him was worth fifty cents per acre for the same time. Whether he meant fifty dollars or fifty dollars *per annum*, does not appear. While he was on the stand he proposed to testify for himself, on cross-examination, that these improvements which he had made, rendered the lot more valuable by five hundred dollars, than if the improvements had not been made. Upon objection taken, the Court rejected this testimony, saying that he might prove and set-off the actual value of the improvements, but no more.

Here the plaintiff closed. The defendants read in evidence a transfer of said *fi. fa.*, dated 10th of December, 1826, by James Clark to James Blassingame. This began : "This day received of James Blassingame, thirty dollars in full satisfaction for a judgment, (describing said judgment) and ended, "and I do hereby assign over and transfer the said judgment to James Blassingame, with leave to use and control the execution thereon for his individual benefit, not holding myself responsible for the same in any event." Then another transfer as follows : "Dennis Hill has the control of the within for me, this 30th Jan'y, 1832.

JAMES BLASSINGAME."

Thomas *vs.* Malcom *et al.*

When this evidence was concluded, defendant's attorney moved to rule out the said *fi. fa.* and deed made under it, upon the ground that the *fi. fa.* was satisfied. The Court overruled the motion.

Next they read a deed from Green M. Wheeler, sheriff, to James White, by sale under a Justics Court *fi. fa.* against said Weeks, dated the 7th of February, 1843, (the production of the *fa. fia.* was waived) a deed from White to C. J. Martin and W. J. Patterson, dated 12th October, 1858, and a deed from Martin and Patterson, to said Thomas, dated the 13th of November, 1860; a deed made by Thomas Merrill, as attorney in fact of Charles Weeks, on the 17th of December, 1838, to Solomon Shelgrove, Jr., under a power of attorney, to Merrill, dated 17th July, 1834; a deed from Shelgrove's administrator to said Thomas, dated 6th of December, 1859.

They then read the Act of the General Assembly organizing Sumter county, which was assented to on the 26th of December, 1831. In it certain persons were named as commissioners, "with authority to superintend the election of Justices of the Inferior Court, and other county officers, and to appoint the times and place of holding said elections, and select the place of holding the Superior and Inferior Courts, and to do and perform all other acts preparatory to the organization of said county," and with authority to purchase, lay off into lots, and resell a lot of land, and use the proceeds for building a court-house and jail. They read also, a certificate of the Secretary of the Executive Department, showing who had been Justices of the Inferior Court of Sumter county. Said Winn's name was not in the list. They also showed that said Kinney, sheriff, was commissioned on the 12th of January, 1832, that it was in July, 1832, before the said commissioners bought and sold a lot for said purpose. This was shown by way of demonstrating that Kinney could not have possibly advertized and sold said lot after he was commissioned and before the date of sale as given in his deed.

The defendant's attorney requested the Court to charge the

jury that if they were satisfied from the evidence, that on the 10th of December, 1826, James Clark transferred and assigned the execution and judgment to Blassingame, for full payment and satisfaction then made to him by Blassingame, a sale under the *fi. fa.* thereafter was void and passed no title, and that after said transfer Blassingame could not have said land sold under said *fi. fa.*

The Court refused so to charge, but charged among other things, as follows: "If John Kinney, as Sheriff of Sumter county, on the 7th of February, 1832, did sell under the excution in favor of Clark, against Charles Weeks, said lot (No. 43,) as the property of Weeks, the purchaser at said sale got a good title whether the sale of the land had been advertized according to law or not, if the purchaser had no notice of such irregularity.

The jury found for the plaintiff the premises in dispute, with $250 00 for mesne profits, with costs.

Thereupon defendant's attorney moved for a new trial, upon the grounds that the Court erred in not rejecting the deed from Kinney, sheriff, and said Justices' Court *fi. fa.* under which it was made, and in not afterwards ruling them out when requested ; in not allowing proof of the increased value of the premises by reason of the improvements made on it by the defendant; in refusing to charge as requested, and in charging as he did, and because the verdict was contrary to the charge, to the evidence and the law.

The Court refused a new trial, and that is assigned as error.

LYON & DEGRAFFENRIED, for plaintiff in error.

J. J. SCARBOROUGH and W. A. HAWKINS, for defendants in error.

WARNER, J.

The error assigned to the judgment of the Court below in this case, is the overruling the motion for a new trial upon the several grounds stated therein. It is the unanimous judgment of this Court, that a new trial should be granted

on the ground, that the Court below erred in ruling out the defendant's evidence in regard to the increased value of the premises, resulting from the improvements made thereon by the tenant, as a set-off against the mesne profits thereof, claimed by the plaintiff. The 3416th section of the Code declares that "a trespasser cannot set-off improvement in an action brought for mesne profits, except when the value of *the premises* has been increased by the repairs, or improvements, which have been made. In that case the jury may take into consideration the improvements, or repairs, and diminish the profits by that amount, but not below the sum which the premises would have been worth without such improvements or repairs." The 2855th section of the Code declares that, "against a claim for mesne profits, the value of improvements made by one *bona fide* in possession under a claim of right is a proper subject matter of set-off." The point in the case is, whether the defendant ought to have been allowed to prove upon the trial the increased value of *the premises in dispute*, resulting from the improvements made thereon by him, or whether he should have been restricted to the actual value of *the improvements* and *repairs*, without regard to the increased value of *the premises in dispute* as resulting therefrom. If a trespasser can set-off improvements which have increased the value of *the premises* against the mesne profits, surely one who is *bona fide* in possession of the premises sued for, under a claim of right, should be allowed to do so under the restriction specified in the latter part of section 3416.

The Chief Justice is of the opinion that the Court below erred in not ruling out the Justice's Court *fi. fa.*, which was levied on the land by a constable in Lee county, because the *fi. fa.* was not backed by a Justice of that county. I am of the opinion that the Court below did not err in admitting the Justice's Court *fi. fa.* in evidence, upon the statement of facts as presented by the record. This *fi. fa.* was an ancient document, and the sale took place under it in February, 1832. The two last entries made on it are as follows: "October 28th, 1831. This is to any lawful officer to execute

and return. John A. Burk, J. P." The county in which this official act of the Justice was done is not stated, but on the next day thereafter the *fi. fa.* was levied upon the land in dispute by a constable of Lee county in the following words : "Georgia, Lee county. October 29th 1831. Levied the within *fi. fa.* on lot number 43, in the 17th District of this county ; the property pointed out by the plaintiff. Levi Spencer, Constable." In view of the fact that the *fi. fa.* was backed the day before the levy of the constable of Lee county was made on the land, I think it is a fair legal presumption, especially after such a lapse of time, that Burk, the justice who backed the *fi. fa.*, was a Justice of Lee county ; the constable would not have been authorized to execute it, unless it had been so backed, and yet he *did* execute the same and returned it to the sheriff, who sold the land. In the case of *Hollingsworth vs. Dickey*, 24*th Ga. R.*, 434, this Court held, that it would presume that an entry on a Justice's Court *fi. fa.* in these words : "No personal property to be found to levy this *fi. fa*," was made by a constable of the county where the defendant resided, and where the judgment was obtained, though it was not mentioned by the constable who made the entry, in what county it was made. This Court, (as indeed all Courts do,) has gone very far in presuming that all officers have performed their duty, in upholding judicial sales made by them under the process of the Courts, especially when a great length of time has intervened.

There were several other points made in the record besides those specially noticed heretofore, but we find no error in the rulings of the Court below upon them. Let the judgment of the Court below be reversed.

BROWN, C. J., concurred as follows :

I agree with the Judge delivering the opinion in the judgment of reversal for the reason given by him. I am also of opinion that the Judge of the Superior Court should have ruled out the Justice's Court *fi. fa.* on the trial, on the ground that it issued from a Justice's Court of Morgan county, and

was levied upon land in Lee county, when it had not been backed by a Justice of the Peace of said county, so as to authorize a constable of that county to make the levy.

While I would make every reasonable presumption in favor of a sale under an old Justice's Court *fi. fa.*, I do not think we are justified in presuming that a Justice of the Peace, who backed the *fi. fa.* without specifying for what county he acted, belonged to, or was a Justice for, any particular county.