JOHN MAGWIRE, Respondent, *v.* LOUIS A. LABEAUME, Appellant.

May 6, 1879.

1. The judgment in an action to divest title and for possession, though conclusive against the tenants in possession who were made parties, is not conclusive against the landlord, who was not a party, though he employed counsel to defend the suit; and in an action against him for mesne profits, it is competent for him to show that before the action to divest title was brought the plaintiff had parted with his interest in a portion of the realty.

2. In an action for mesne profits, if the defendant, by matter of evidence or construction of law, has become a trustee of the plaintiff, he may plead lapse of time as a bar to the action.

3. A jury is not to arrive at the rental value of unimproved real estate by calculating interest upon the value of the fee; but where an expert gives such a process of calculation as the reason for his opinion as to the rental value of the property, the testimony may be allowed to go to the jury for what it is worth.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

J. R. Shepley, for appellant: In any event, the recovery must be limited to five years prior to the commencement of this action. — *Morgan* v. *Varick*, 8 Wend. 587 ; *Johnson* v. *Smith's Administrator*, 27 Mo. 591 ; *Keeton* v. *Keeton's Administrator.*, 20 Mo. 538, 539, 541. The deeds offered in evidence by defendant, showing that Magwire, at the commencement of the original suit and the commencement of this suit, owned less than two-thirds of lot 49, sued for, should have been admitted in evidence. — *Chirac* v. *Reinicker*, 2 Pet. 623. The court should have excluded the evidence of Betts and of Belt as to the annual value of the lot, based, as it was, wholly upon a method of arriving at such value which the Supreme Court have held to be unwarranted and illegal. —*Thomas* v. *Mallinckrodt*, 43 Mo. 62.

J. M. & C. H. Krum, for respondent: An action of trespass to recover mesne profits is one of the incidents of a suit to recover possession of land. Under the statute of Missouri concerning ejectment, the plaintiff in his petition and suit for possession may unite his claim, by way of damages, for the rents and profits of the *locus in quo*. Nevertheless, the original entry of the defendant is still the subject of an action for trespass, and so are mesne profits where the plaintiff obtains possession without suit, or without prosecuting suit to judgment. — *Leland* v. *Tousey*, 6 Hill, 320 ; *Jackson* v. *Wood*, 24 Wend. 443 ; Adams on Eject., side-p. 333 ; 7 Rob. Pr. 274 ; Tyler on Eject. 837, 838. Any person who is in possession of land by his tenants, and who by his acts, commands, or coöperation aids in the expulsion of the plaintiff, and in withholding posses-

sion from him, is deemed in law a trespasser. — 1 Greenl. on Ev., sect. 524; *Wheelock* v. *Warschauer*, 34 Cal. 265; *Castle* v. *Noyes*, 14 N. Y. 329. " Trespass for mesne profits will lie against one who was in fact the landlord in possession by his tenants, and who actually defended the ejectment, though he did not appear on the record as defendant." — *Chirac* v. *Reinecker*, 11 Wheat. 280.

BAKEWELL, J., delivered the opinion of the court.

This is an action to recover damages in the nature of mesne profits for a lot of ground in the city of St. Louis, portion of a large tract to which the plaintiff established title, and of which he recovered possession in the suit of *Magwire* v. *Tyler et al.*, reported in 47 Mo. and in 17 Wall.

That action was a proceeding to divest title out of the defendants to that suit, and to vest it in Magwire, and for possession. The defendants in that action were about forty in number. Labeaume, the defendant in this suit, was not a party defendant in *Magwire* v. *Tyler*. It appears from the petition in that case that the defendants there were treated as tenants in common, each of them claiming an interest in and by virtue of some deed from one Louis Labeaume (not the defendant in the present action), and that the prayer was that all the right, title, or interest claimed by them and each of them under Labeaume be divested out of them and vested in the plaintiff. The defendants set up several equitable defences in common. They set up no separate defences. Henry S. and James Parker and Catherine Shaffey, defendants in *Magwire* v. *Tyler*, were tenants of Labeaume, the defendant here, and Labeaume employed counsel to defend that suit. There is no prayer in the petition in *Magwire* v. *Tyler* that the title of Labeaume in the lot which the Parkers leased from him, or in any portion of the tract in controversy in that action, be divested out of Labeaume. Nor is there anything in the petition from which Labeaume could gather that its scope was to divest title out of La-

beaume and vest it in Magwire.    The petition informed him that the plaintiff was seeking to divest the interest of Labeaume's tenants, and to vest the interest in the plaintiff.

The decree of the Supreme Court of the United States divested out of the defendants in *Magwire* v. *Tyler* all their interest in the land, and vested it in the plaintiff, and was also for possession. And though the proceeding was in equity, and the legal title found to be in Magwire, the Supreme Court of the United States held that whether he had a remedy at law, and whether equity had jurisdiction of the case, were questions that could not be made in the Supreme Court, not having been raised in the court of original jurisdiction.    There was no decree as to rents and profits.

On the trial of the case at bar, the plaintiff proved that the city lot in question was included in the large tract recovered in *Magwire* v. *Tyler;* that Labeaume's tenants, Shaffey and the Parkers, occupied it between 1862 and 1873 ; that he was put in possession by the United States marshal. He introduced evidence as to the rental value of the lot.   Against the objection of the defendant, the plaintiff introduced evidence tending to show that the Supreme Court of the United States, in *Magwire* v. *Tyler*, did not pass upon the question of mesne profits, but advisedly left the question for the courts below. The plaintiff, also against the defendant's objection, introduced the record in *Magwire* v. *Tyler*, and read various parts of that record. It appeared that the defendant signed the appeal bond.

It was admitted by the defendant that the United States, on June 10, 1862, issued its patent for the tract involved in *Magwire* v. *Tyler* to Brazeau's representatives, and that before that suit the plaintiff had acquired all the interest that originally belonged to Brazeau. The defendant offered evidence tending to show that, at the commencement of the suit of *Magwire* v. *Tyler*, Magwire had conveyed to various persons one-third of the tract, which was excluded.

The court was asked by the defendant to instruct the jury, first, that the plaintiff cannot recover for a period extending more than five years back from the date of the action; and, second, that he is not entitled to recover upon the case as made. These instructions were refused.

And the court, at the plaintiff's instance, instructed the jury: "If the jury find the lot or parcel of land described in the petition in this case is included within the description of the tract of land described in the petition in the case of *John Magwire* v. *Mary L. Tyler et al.*, the record of which last-mentioned case has been read in evidence in this case; and if the jury further find, from the evidence, that the tenants of Louis A. Labeaume were in possession of the lot in question in this case at the time said suit of *Magwire* v. *Tyler et al.* was begun, and were made defendants in said suit, and that said Labeaume was aware of the commencement of said suit, and by his counsel defended his tenants in said action, and that the said tenants of said Labeaume continued in possession of the lot in question until they were ousted therefrom by the marshal, under the execution read in evidence, then the plaintiff is entitled to recover against the defendant in this action the net value of the rent of the lot in question from September 18, 1862, to May 22, 1873, and it is for the jury to determine the value of said rents, from all the testimony in the case. If the jury find for the plaintiff, the jury may allow him interest on the amount of their verdict, at the rate of six per cent per annum from the time of the commencement of this suit (which was on June 1, 1873) to the day of this trial."

There was a verdict and judgment for the plaintiff.

The action of the court in excluding evidence and in giving and refusing instructions is based, of course, upon the theory that the plaintiff was not obliged in this action to show title; that his right to the possession of the whole tract is shown by the judgment of the Supreme Court of

the United States in *Magwire* v. *Tyler*. That judgment concluded the parties to the action and their privies, but we cannot see how it could conclude Labeaume. It sought to divest the title of several parties, some of whom were his tenants, to a tract of land which included the lot in question in this suit, which Labeaume claimed, and of which he was in possession through his tenants. No proceedings in this action could divest Labeaume of title, because he was no party to the suit.

The action for mesne profits may be maintained against him who was the landlord in fact who received the rents and profits, and resisted the recovery in the ejectment suit, though he was not a party to that suit and did not take upon himself the defence of it upon the record, but another did as landlord. But even if the action in *Magwire* v. *Tyler* be regarded as a proceeding in ejectment (which it is not, but an equitable proceeding to divest the title), that recovery, however conclusive it might be against the tenant in possession, is only *prima facie* as to the landlord if he was not a party to the record, though he resisted the recovery in the ejectment suit. It is admissible in that case to show the possession of the plaintiff connected with his title, but it is not conclusive upon the defendant in the action for mesne profits. And this is the ruling in *Chirac* v. *Reinicker*, 11 Wheat. 280, a case cited by the respondent. On any theory, then, it was competent for the apellant to show, if he could, that Magwire had parted with his interest in a portion of this property before the action was brought in *Magwire* v. *Tyler*. The deeds excluded were therefore relevant and competent, and were improperly excluded.

The answer of the defendant pleaded the Statute of Limitations. As Labeaume was not a party to the equitable proceeding, there had been no action against him for mesne profits until this suit was brought for mesne profits by reason of trespass. If Labeaume, by matter of evidence or

construction of law, has been changed into a trustee of the plaintiff, lapse of time may nevertheless be pleaded in bar. *Keeton's Heirs* v. *Keeton's Administrator*, 20 Mo. 541. If the plaintiff had a cause of action against Labeaume, and was aware of it, and neglected to sue, we see no reason why the statute did not run against him; and the defence seems to have been good as to so much of the cause of action as accrued five years before suit was brought.

After a real-estate expert, examined as a witness for the plaintiff, had given his opinion as to the rental value of the lot, he gave his reasons for the opinion, on cross-examination; from which it appeared that he computed a rate of interest annually upon what he believed to be the value of the fee. The reason was a bad one. The jury are not allowed to arrive at the rental value of unimproved real estate by such a process of calculation. As the witness was an expert, and had, it must be supposed, other means of arriving at the rental value, the court, we think, committed no error in letting the testimony go to the jury for what it was worth.

The judgment is reversed and the cause remanded. All the judges concur.