ANNA M. PHILLIPS et al., Respondents, v. F. C. STEWART, Appellant.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Action to Recover Mesne Profits:** PETITION AFTER VERDICT, SUFFICIENT: JEOFAILS. The failure of the petition to state plaintiff's possession and expulsion at the time of the trespass was cured by the ninth clause of the statute of jeofails (Revised Statutes 1899, section 672), and moreover, the allegation of unlawful, tortious entry and seizure of the crops, states a cause of action, good after verdict.

2. ———: ———: POSSESSION. The essential fact to be proven by the plaintiff in this action is, that he was in possession of the premises when he commenced proceedings, and this respondent admitted.

3. ———: ———: TRESPASS AND POSSESSION. The trespass by defendant and possession on the part of the plaintiff, when it was committed, as conditions of recovery, were pure fictions of the common-law theories of pleading, and like other legal fictions, have no place in our system of pleading.

Phillips v. Stewart.

4. ———: ———: OWNER AND NOT TENANTS LIABLE. The fact that the tenants got the advantage of the sixty acres surplus, by not having to pay any rent for same on account of the respondent not knowing of the surplus acreage, will not release him of the liability for the rents to the actual owner of the surplus.

5. ———: ———: ———: DAMAGES. The measure of damages is the fair annual value of the monthly rents and profits of the land from the time when it shall be shown that Stewart first obtained knowledge of the respondent's claim.

Appeal from New Madrid Circuit Court.—*Hon. James H. Boon*, Special Judge.

REVERSED AND REMANDED.

*W. H. Miller*, for appellant.

(1) The petition is not good as a suit for use and occupation. Indeed, appellant understands that plaintiffs do not so contend. Aull Savings Bank v. Aull, 80 Mo. 201; Young, Administrator, v. Downey, 145 Mo. 261; Edmundson v. Kite, 43 Mo. 176. In the case of Bank v. Aull, supra, the court speaking through Judge SHERWOOD, uses this language: "It is a well-settled law in this State that an action for use and occupation does not lie unless the relation of landlord and tenant, either express or implied, exists between the parties." (2) The petition is not good as a suit in trespass, and for that reason the motion in arrest of judgment should have been sustained. It is not alleged, nor is it proven, that the plaintiffs were in possession of the premises at the time of the alleged trespass. Young v. Downey, supra; Hughes v. Carson, 90 Mo. 399; Tyler on Ejectment, secs. 838 and 839; Linderbower v. Bentley, 86 Mo. 518; Moore v. Perry, 61 Mo. 174; Cochran v. Whiteside, 34 Mo. 418; Zeitinger v. Hackworth, 66 Mo. App. 347; Lumber and Mining Co. v. Zeitinger, 45 Mo. App. 114; Harris v. Sconce, 66 Mo. App. 347. (3). In the case of

Young v. Downey, supra, the petition, very much like the one at bar, was held fatally defective. On page 268 the court uses this language: "In an action for trespass for mesne profits at common law, the right to recover is said to be based upon four things: (a) Title to or possession of premises. (b) Expulsion of plaintiff. (c) Reception of rents. (d) The entry by plaintiff." The petition at bar does not allege that the plaintiffs were in possession of the premises at the time of the alleged trespass, and the proof discloses that defendant, through his tenants, was in possession, and was rightfully there, or rather was there under a mistake as to the boundary line.

*H. C. O'Bryan* for respondent.

(1) We contend, therefore, that the objection to the phrasing of the petition comes too late. Paddock v. Somer, 102 Mo. 226. (2) This plaintiffs' petition inferentially alleges constructive possession, for it charges that in 1895 plaintiffs were owners of the land described; and since the constructive possession follows ownership, it is clear that inferentially, at least, possession is alleged. It also alleges that plaintiffs are entitled to possession, and if the cause of action is inferentially stated, it is cured after verdict and can not be assailed by a motion in arrest. State ex rel. v. Williams et al., 77 Mo. 463; Edmondson v. Phillips, 73 Mo. 57; Corpeny v. City of Sedalia, 57 Mo. 88. (3) The petition charges that defendant and other persons under his authority and direction did, on January 1, 1895, unlawfully, wrongfully and tortiously enter upon the land described and remained on same until January, 1900, and caused waste, did seize and remove from said land crops and emblements to plaintiffs' damage in the sum of $500; which was sufficient.

GOODE, J.—Murray Phillips and Amos R. Phillips

inherited a large tract of land in New Madrid county. While Amos was a minor, Murray was his guardian and rented the land, accounting to his ward for the income. Amos attained his majority in 1889, when the land was partitioned, a tract supposed to contain one hundred and seventy-one acres on the east side of what is known as the Shapleigh R. Phillips home farm being set apart to Amos, and another tract adjoining it to Murray. The county surveyor undertook to fix the boundary line between the two parcels, and a fence was built on the line located by him. The two Phillips continued in possession of their respective holdings until 1895, when Amos sold and conveyed to F. C. Stewart. Stewart thought he was buying one hundred and seventy-one acres and the land was treated all along as containing that area. The defendant rented it to tenants on that supposition and received rent for only that quantity. In March, 1899, the plaintiff, Murray Phillips, had a resurvey, when it was ascertained for the first time that there was a surplus of sixty acres in the defendant's tract. It contained two hundred and thirty-one acres instead of one hundred and seventy-one. Stewart, on being notified of this fact, immediately surrendered possession to the plaintiffs of the portion belonging to them and the fence was relocated on the true line. From an admission of the parties contained in the record, it seems the title is now in Anna M. Phillips, Murray's wife. They were in possession when this action was begun, the purpose of which is to recover damages for the alleged unlawful, wrongful and tortious entry of the defendants on the said sixty acres, removal of crops therefrom and waste.

No injury of any kind to the inheritance was shown; in fact, the only thing insisted on by the plaintiffs is the reasonable rental value for the three years the ground was occupied by Stewart's tenants prior to the institution of the suit. The

third instruction given at the plaintiffs' request is predicated on that theory.

The evidence tended to show the yearly value of the rents and profits was from three dollars to three dollars and a half an acre. The court rendered judgment in favor of the plaintiffs for $540.

No objection was made to the sufficiency of the petition in the court below by demurrer or otherwise, except in the motion in arrest. It must, therefore, be held good if it states a cause of action at all. Paddock v. Somes, 102 Mo. 226; Thompson v. School District, 71 Mo. 495; Grove v. City of Kansas, 75 Mo. 672. Appellant contends it is not good as an action for use and occupation, because it does not aver the relation of landlord and tenant existed between plaintiffs and defendant. This position is well taken. Bank v. Aull, 80 Mo. 201. He also insists it is not good as a suit for mesne profits because it fails to allege the plaintiffs had possession of the premises and were disturbed or expelled by the defendant. So far as the sufficiency of the petition is concerned, this defect, if it is one, is plainly cured by the statute of jeofails, the ninth clause of which expressly provides against the stay or reversal of a judgment for the omission of any allegation or averment, without proving which the triers of the issue ought not to have given the verdict. R. S. 1899, sec. 672. The allegation of an unlawful, tortious entry and seizure of the crops states a cause of action good after verdict. Knox County v. Brown, 103 Mo. 223; Bank v. Leyser, 116 Mo. 51; Green v. Supreme Lodge, 79 Mo. App. 179; Murphy v. Ins. Co., 70 Mo. App. 78.

This is clearly an action to recover mesne profits. The essential fact to be proven by the plaintiff in that action and, therefore, the one necessary to be pleaded is, that he was in possession of the premises when he commenced proceedings, and such is the substance of the judgment as we understand it, in

Young, Adm'r., v. Downey, 145 Mo. 261.

Possession by plaintiff prior to the suit is a prerequisite to his right to recover. Brown v. Galloway, 1 Pet. C. C. 291; Buell v. Harding, 72 Maine, 129; Caldwell v. Walters, 22 Penn. St. 378; Stancil v. Calverts, 63 N. C. 616; Carson v. Smith 1 Jones (N. C.) 106. Such possession by the respondents was admitted.

The trespass by the defendant and possession on the part of the plaintiff when it was committed, as conditions of recovery, were pure fictions growing out of the common-law theories of pleading, and like other legal fictions have no place in our present system. Originally, at common law, as now under the code, rents and profits were recovered in ejectment as part of the damages. Afterwards, when the proceedings became fictitious and the plaintiff nominal, the damages assessed were nominal also. On this account, and to prevent the owner from being left without redress for the loss of his rents, the courts sanctioned an application of the common-law action of trespass *vi et armis* as a remedy. This came to be styled an action for *mesne profits*. Adams on Ejectment (4 Ed.), ch. 13, p. 443. But the *vi et armis,* or trespass, was no more insisted on than is the ejectment which it was devised to supplement. The former action lay then, as it does still, against a tenant holding over after lapse of his term, and on his being ousted, the action for mesne profits also lay against him. In such instance there was, of course, no breaking of the close nor possession in the plaintiff at the time of the alleged trespass. So it was available against one who entered under a contract for a deed and then refused to perform the contract. Smith v. Stewart, 6 Johns 46; Turnpike Co. v. Rogers, 7 Bush, 532. The judgment in ejectment was conclusive against the defendant in the supplemental suit as to the right of the plaintiff from the time of the demise laid in the declaration and later, after

fictitious proceedings were abolished from the date of the writ. Poindexter v. Cherry, 4 Yerger 305; Allen v. Rogers, 1 Johns 281; Jackson v. Grubbs, 7 Cow. Rep. 36; Baron v. Abell, 3 Johns R. 481; Jackson v. Randall, 11 Johns R. 405. But for damages prior to that time the defendant could dispute his right. Jackson v. Randall, 11 Johns R. supra; Hylton v. Brown, 2 Wash. C. C. 165; Doe v. Dupey, 4 J. J. Marsh, 388; Huston v. Wickersham, 2 W. & S. 308; Man v. Drexel, 2 Penn. St. 302; West v. Hughes, 1 Harr. & J. 574. While possession prior to suit has always been held to be necessary, an actual recovery of it by ejectment never has. It is enough if it was surrendered or obtained by a re-entry. Reed v. Stanley, 6 Watts & Serg. 369. Dicta in opinions that a prior recovery is indispensable, simply mean that possession must be obtained. A formal judgment is not required. Murphy v. Guion's Exrs., 1 N. C. 95.

The circumstance that this action was an offshoot from the old form of trespass *vi et armis* has caused the courts to be ingenious in springing devices to evade the requirement of injury to the plaintiff's possession and thereby make the remedy adequate to all cases. It is, therefore, held that, when the owner re-enters, the entry relates back to the time when his right accrued and converts the original disseizin by the defendant into a trespass. Hooker v. Whitaker, 5 Watts, 474; Reid v. Stanley, 6 W. & S. supra; Dewey v. Osborne, 4 Cow. 329; Morgan v. Vance, 8 Wend. 587; Cox v. Callender, 9 Mass. 503. Where the defendant went into possession under a deed from the plaintiff and both supposed it to be valid, but afterwards plaintiff recovered on account of an informality in it, it was held, an action for the mesne profits would lie upon the fiction of law that the disseizee after his re-entry, had been in possession during the period of the disseizin. Truber v. Nuttler, 48 Comm. 347. That case was identical in material facts

with the one at bar. That actual possession by a plaintiff and disturbance thereof by the defendant are not substantial facts in the action, may be gathered from Magwire v. Labeaume, 7 Mo. App. 179, and the cases out of which it grew. Magwire v. Tyler 40 Mo. 406; Magwire v. Tyler, 47 Mo. 115. The trespass fiction is a functionless survival of black-letter.

Appellant makes the point that he rented the tract of land bought by him as one hundred and seventy-one acres, receiving pay for only that quantity and, therefore, the tenants and not he are answerable to the respondent for the rents and profits of the sixty acres surplus cultivated by them. The authorities are against this position. Actual occupation by a person, either in person or as landlord, renders him liable. Adams on Ejectment (4 Ed.), 449; Burne v. Richardson, 4 Tamit. 720; Doe v. Harlow, 12 Ad. & Ell. 40; Stoych v. Carr, 28 Penn. St. 135; Magwire v. Lebaume, 7 Mo. App. supra; Wood v. Maguire, 17 Ga. 303.

Our statutory legislation has revived the ancient right of a plaintiff to recover rents and profits as part of the damages in ejectment. R. S. 1899, sec. 3065.

The right can no more be defeated by a surrender of possession than it could at common law. The owner must be made whole. He neither gains nor loses by the fact that his entry is uncontested. So much like ejectment is the action for mesne profits that an innocent defendant is allowed to offset his claim for improvements. Green v. Biddle, Subeat 1; Freer v. Hardenburgh, 5 Johns 272; Marrs v. Simple, Addis R. 215; Tongue v. Nuttwell, 31 Mo. 312; Thomas v. Malcolm, 39 Ga. 328; Evetts v. Tendrick, 44 T. 570. Neither does it bar a subsequent action for injury to the inheritance during the same period. Gill v. Cole, 1 Harr. & Johns 403.

The final question is, what was the measure of the damages the respondent was entitled to recover? Appellant contends

the recovery should be limited to the value of the crops removed, not the rental value of the land, if allowed at all. We do not agree to this. No injury to the freehold was shown. The fair annual value of the premises is the measure of damages. Mitchell v. Mitchell, 10 Md. 234; Morrison v. Robinson, 31 Pa. St. 456; Morris v. Rucker, 60 Ga. 426; Jenkins v. Means, 59 Ga. 664.

The judgment must be reversed on a point not raised by counsel. The case of the respondents is neither better nor worse than if they had recovered by ejectment, as before stated. This action should simply round out their relief. Our statute concerning the recovery of rents and profits in ejectment expressly provides that when it shall not be shown on the trial that the defendant had knowledge of the plaintiff's claim prior to the commencement of the action, he shall recover rents and profits only from the commencement, and when it is shown that such knowledge came to him within five years before the commencement of the action, such recovery shall be from the time he acquired the knowledge. It is not perfectly clear when the defendant, in the case in hand, found out plaintiffs claimed title. He surrendered possession as soon as demand for it was made, but there was some evidence that the plaintiffs had been claiming for a while before that occurred.

We, therefore, rule that the measure of damages is the annual value of the monthly rents and profits of the land from the time when it shall be shown that Stewart first obtained knowledge of the respondent's claim. The judgment is reversed and the cause remanded. All concur.