RALEIGH BREWER v. JAMES A. BECKWITH.

1. EJECTMENT: ACTION TO RECOVER LAND UNDER PLEADING ACT OF 1850: DEMISE.—An action to recover possession of land, under the Pleading Act of 1850, is not subject to the technical rules which regulated the action of ejectment at common law; and, in such action, it is not necessary to state a demise to the plaintiff: it is sufficient if the declaration allege title in the plaintiff, at the commencement of the suit.

2. SAME: JUDGMENT IN, CONCLUSIVE OF TITLE IN A SUBSEQUENT ACTION FOR MESNE PROFITS.—A judgment for the plaintiff, in an action to recover land under the Pleading Act of 1850, is competent evidence in his behalf, in a subsequent action by him against the defendant to recover mesne profits; and is conclusive, that the title to the premises was in him from the commencement of the action to recover possession: the defendant will not, therefore, be permitted to show, in opposition to the judgment, that the title was in a stranger, or that he was in possession under a contract of lease from a third party.

3. SAME: THE OWNER OF LAND ENTITLED TO MESNE PROFITS, THOUGH OUT OF POSSESSION.—The right of the plaintiff to recover for mesne profits, does not depend upon his having actual possession of the premises, but upon his title; and hence, where he shows, in support of his title, a judgment in ejectment against the defendant, it is unnecessary for him to show further, that he has received possession under said judgment.

4. EVIDENCE: DEPOSITION OF NON-RESIDENT, WHO AFTERWARDS REMOVES IN THE STATE, NOT COMPETENT.—The statute, which authorizes the taking of the deposition of a non-resident witness in an action at law, is founded upon the reason, that the witness is without the jurisdiction of the court, and cannot be compelled to attend; but, being in derogation of the right of a party, to have a witness against him confronted with the jury, so that they may observe his manner of giving his testimony, his feeling or bias for either party, and his intelligence,—which are important tests of the weight to be given to his statements,—it will not be construed beyond the reason and necessity which gave rise to it; and hence, such a deposition will not be competent evidence, where it is shown that the witness had, after it was taken, removed within the jurisdiction of the court, and that his attendance might have been procured at the trial.

ERROR to the Circuit Court of Noxubee county. Hon. William L. Harris, judge.

Beckwith, brought this action, to recover the mesne profits for land, during the years 1853 and 1854. On the trial, he offered in

evidence the record of a judgment, recovered by him, on the 11th day of December, A.D. 1854, against the defendant, in an action under the Pleading Act of 1850, for the recovery of land. It appeared, by the record, that the action to recover possession was commenced in May, 1853, and the declaration alleged, that the plaintiff therein was the owner of the land, and entitled to possession.

This evidence was objected to by defendant, and his objection overruled, and he excepted.

The plaintiff then proved the value of the rent of the land for the years 1853 and 1854, and closed his case.

The defendant then offered the deposition of one Creighton, taken as of a non-resident witness, under a commission issued for that purpose. The plaintiff objected, and proved to the court, that said Creighton, soon after the deposition was taken, which was several months previous to the trial, had removed to this State, and had, from that time to the trial, resided in Noxubee county, living with the defendant, as his overseer. Upon this point being made, the court sustained plaintiff's objection, and refused to permit the deposition to be read to the jury, and the defendant excepted.

The defendant then offered to prove by one Brown, that he (the defendant) went into possession of the premises in 1853, under an agreement with the witness, to hold the same without rent, for the heirs of one Mayse, for whom Brown was agent. This testimony, upon objection by plaintiff, was excluded by the court from the jury, and the defendant excepted.

The plaintiff had verdict and judgment, and the defendant moved for a new trial, which being refused, he excepted, and sued out this writ of error. .

C. R. Crusoe and J. T. Harrison, for plaintiff in error.

1st. The record of the ejectment suit was improperly admitted. The action for mesne profits, is an action of trespass, and plaintiff must have the title and possession, to enable him to recover.

Adams on Ejectment, thus lays down the rule: "If plaintiff seek to recover profits, anterior to the demise laid in the declaration in ejectment, the record in ejectment cannot be given in evidence; but the plaintiff must prove his title to the premises from

whence the profits arose, to entitle him to receive them." Adams on Ejectment, side p. 334–335.

The judgment in ejectment is no evidence of title, anterior to the time laid in the declaration; but he must prove his title, as in other cases, and the judgment is not competent for any purpose. *West* v. *Hughes*, 1 Harris & John. R. 574; 4 Philips Ev. C. & H. notes, 317; 2 Greenleaf Ev. 268, § 333; Buller's N. P. 87; 2 Burr. 668.

But where the action is between the same parties, and the profits sought to be recovered, are shown to have arisen subsequent to the time of the demise laid in the declaration, then a different rule would prevail; but, in this case, the judgment in ejectment was in December, 1854, no time of demise laid in the declaration, and profits sought to be recovered for the years 1853 and 1854; no writ of possession was ever issued, and no proof of title in plaintiff, or that he ever had possession of the premises.

2d. The deposition of Creighton should have been read. At the time of the taking of his deposition, he was a non-resident. It was taken in due form; and the fact of his removing within the State, at a subsequent time, would not exclude his deposition, especially when it was affirmatively shown, that he was not in attendance on court. This was not a deposition *de bene esse*.

Thus, in the case of *Phenix* v. *Baldwin,* it was held, " that a defendant, who has procured the testimony of a witness residing abroad, to be taken under a commission, is not bound, on the trial of the cause, upon the requisition of the plaintiff, tó call the witness who is then in court, and examine him *viva voce ;* but may read his deposition, as taken under the commission. The plaintiff, however, may have the witness sworn and examined." *Phenix* v. *Baldwin,* 14 Wendell R. 62.

3d. The evidence of the witness Brown, was improperly ruled out. It was competent and relevant for the defendant to show that he was but tenant, and the terms and nature of the contract under which he went into the possession of the premises; that he was not a mere intruder. Especially was this relevant and competent, when the plaintiff had shown no title, and the evidence offered established the fact, that the defendant was lawfully in possession, under contract not to pay rent, but improve the premises;

which the deposition of Creighton—also excluded—established was done, to an extent more than the value of the rent.

A new trial should have been granted. There was no evidence warranting the verdict. The judgment was for full rent of the land, for the years 1853 and 1854; and there was no evidence of title in the plaintiff, or that defendant occupied and used the same. The plaintiff simply relied on the judgment in ejectment, which was rendered in 1854; and there was no proof of title in plaintiff, or right of possession, at any time during the year 1853.

*J. J. Beauchamp,* for defendant in error,

Made the following points :—

1. The recovery in the action of ejectment was conclusive on the defendant, in this action for *mesne* profits. *Jackson* v. *Stone,* 13 J. R. 447; *Jackson* v. *Church,* 3 Cow. 290; *Denny* v. *Osborne,* 4 Ib. 329; *Marshall* v. *Dupey,* 4 Marsh. 388 (N. S.); *Benson* v. *Matsdorf,* 2 J. R. 369.

And the defendant cannot set up title in himself as a stranger. *Jackson* v. *Randall,* 11 J. R. 405. It was unnecessary to show that the judgment in ejectment had been executed. *Jackson* v. *Cowles,* 7 Cow. 36; *Lessee of Brown* v. *Galloway,* 1 Peters C. C. R. 199.

2. The deposition of Creighton was rightfully excluded; the testimony showed that he was in the jurisdiction of the court, and could have been produced.

HANDY, J., delivered the opinion of the court.

This was an action for *mesne profits* of a tract of land, for the years 1853 and 1854, which the declaration alleges, had been recovered by the plaintiff from the defendant, in December, 1854, in an action instituted for that purpose.

Upon the trial, the plaintiff offered in evidence the record of the judgment of December, 1854; the defendant objected generally to its introduction as incompetent evidence, but the objection was overruled, and the record was permitted to be read in evidence to the jury. The defendant excepted; and that ruling of the court is the first error assigned.

The ground of the objection is, that, in the record of the judg-

ment offered in evidence, there was no demise laid in the declaration, showing that the plaintiff's right of possession therein adjudged, embraced the years 1853 and 1854, embraced in this action, and that the judgment therein was not recovered until December 11th, 1854; and it is contended that the evidence was incompetent, by reason of the common law rule, that the record in ejectment is not competent to prove the plaintiff's title, in an action for profits anterior to the demise laid in the action of ejectment.

But this rule is not applicable to the record in question. It was an action brought under the Act of 1850, in relation to pleadings in actions at law, claiming title to the lands sued for, and delivery of possession to him; and is freed, in virtue of the statute, from the technical rules peculiar to the action of ejectment. It was brought in May, 1853, and claimed title in the plaintiff to the lands at that time; and the judgment, though not rendered until December, 1854, had reference to the time of the institution of the suit, and was an adjudication in favor of the plaintiff's title, as of that date. The judgment was, therefore, competent as between these parties, who were also the parties to the previous suit, to show title in the plaintiff to the premises in the years 1853 and 1854.

Again, the defendant offered in evidence the deposition of one Creighton, taken in the State of Alabama, under a commission from the court, upon the ground of the non-residence of the witness. The plaintiff objected to its introduction, on the ground that the witness was, at the time of the trial, and for several months previous, had continued to be, a resident of the county in which the court was sitting, and living with the defendant; and these facts were proved to the court by a competent witness. And thereupon the court sustained the objection, and refused to permit the deposition to be read; and the defendant excepted.

This presents the question, whether the deposition of a witness, taken in consequence of his non-residence at the time it was taken, is admissible in evidence, where it is shown that the witness is within the power of the court at the time of the trial, and might have been produced as a witness, by the party who seeks to introduce his deposition.

This question is not positively settled by the terms of the statute. The statute simply gives the power, in general terms, to take the deposition of a witness who is beyond the jurisdiction of the court: Hutch. Code, 862, § 116 ; but this power is given upon the manifest reason that the witness is so situated, that his personal attendance at the trial cannot be coerced by the court.   The statute provides a mode of obtaining the testimony of such a witness, arising from the necessity of the case ; but it should not receive a construction beyond its reason, or the necessity which gave rise to it.   It proceeds upon the principle, that the deposition of the witness should be taken as evidence, as a substitute for his personal testimony, when that could not be obtained, by reason of his non-residence in the State ; and when this reason ceases, and the personal attendance of the witness can be obtained, the mode of taking his testimony authorized by the statute should not be allowed.

This mode of taking testimony is extraordinary, and in derogation of the right of a party to have a witness against him produced, and submitted to the view of the jury, in order that they may observe his look and manner, his willingness to testify, his feeling for either party, and the degree of his intelligence.   These are important aids in enabling a jury to give to the testimony of ·a witness its due weight and credit ; and the cases are not unfrequent, where the most positive statements of a witness, taken in writing, and read to a jury in his absence, would be received with entire credit ; but if made before the jury in person, where his manner, and feeling, and intelligence could be observed, would receive no credit whatever.   The right of a party, therefore, to have a witness subjected to the personal view of the jury, is a valuable right, of which he should not be deprived, and of which it is not to be supposed the legislature intended to deprive him, except by necessity.   And that necessity ceases whenever the witness is within the power of the court, and may be produced upon the trial.

The ruling of the court was in accordance with this view, and we consider it a sound and just rule of practice.

Thirdly.  The defendant offered a witness, to prove that he was in possession of the lands in question, as the tenant of a third party who claimed title to them, upon a contract that he was to retain

possession, and improve the lands, but was to pay no rent. This was objected to by the plaintiff, and the objection sustained. This was clearly correct. The prior judgment was conclusive, as between these parties, of the plaintiff's title; and if the defendant relied upon an outstanding title in a stranger, he should have set up that defence in the former action.

It is further objected, that it was not shown that the plaintiff went into possession, or was put in possession after the judgment in the prior action.

That was unnecessary in order to maintain this action. The title was adjudged to him in that action, and possession was awarded to him. His right to recover mesne profits did not depend upon his having actual possession of the premises, but was complete when the title was adjudged to be in him, and when it was shown that the defendant was wrongfully in possession.

Let the judgment be affirmed.