*R. B. & J. S. Duncan,* for appellee.

---

## Eaton and Another *v.* Burns and Another.

PLEADING.— *Demand of Judgment.*—A complaint upon a note alleged the promise of the defendant by his promissory note to pay the plaintiff a certain sum mentioned, and demanded judgment "for said sum and interest."

*Held,* that the demand of judgment was sufficiently definite.

SAME.— *General Prayer.*—A complaint upon a note executed by two makers averred, that one of the makers had died since the execution of the note,

and his administrator was named and made a defendant with the other ma-
ker, and judgment was "claimed also of the assets of said deceased in the
hands of said administrator, and plaintiffs pray for general relief."

*Held*, that though the claim against the assets might not be in form, yet the
general prayer included all proper relief.

PROMISSORY NOTE.— *Consideration.*—*Failure of.*—*Award.*—A prosecution for
bastardy was submitted to referees whose report recited the submission of
"the said prosecution and case of bastardy," the award of a certain sum in
instalments, and the execution of certain notes therefor by the father of the
child to its mother and her father and guardian; that, in consideration of
said notes, the mother acknowledged a sufficient provision for the education
and maintenance of the child; and that the father and guardian of said
mother, in consideration of the foregoing premises, released and waived all
right of action for damages and any and all proceedings for seduction aris-
ing out of, or in any way connected with, said case of bastardy.

*Held*, in a suit on one of said notes, the award being all the evidence in rela-
tion to the consideration thereof, that the maker could not claim that such
consideration had failed by the death of the child.

PRACTICE.—*Supreme Court.*—*Judgment.*—*Form of.*—No question can be made
in the Supreme Court as to the form of a judgment where no objection has
been taken below.

APPEAL from the Hendricks Common Pleas.

RAY, J.—This was a complaint by the appellees, upon a
note for one hundred dollars, executed by Grandison Eaton
and Greenup Eaton to the appellees. The complaint alleges
the promise of the appellants by their promissory note to pay
the appellees the sum of one hundred dollars, and demands
judgment for said sum and interest. It is objected that the
sum is not named in the demand. We think the averment
sufficiently definite. That is certain which can be made cer-
tain. The sum is named, and the date when due, and inter-
est from that date demanded. It is also averred, that said
Greenup Eaton has died since the execution of the note,
and his administrator is named and made a defendant, and
judgment "is claimed also of the assets of said deceased, in
the hands of said administrator, and plaintiffs pray for gen-
eral relief." Though the claim against the assets may not
be in form, yet the general prayer includes all proper relief.

There was a joint special answer, that the note was given,
with others, upon the compromise of a prosecution for bas-

tardy commenced at the instance of Margaret J. Burns, one of the plaintiffs, against said Grandison Eaton, which by mutual agreement between said parties was referred to referees, to make their award for the support of said bastard child, which award required the payment of six hundred dollars in instalments; that said note, with others to that amount, was executed with Greenup Eaton as surety; that of said notes so given, two had been paid, amounting to the sum of three hundred dollars, and that they were executed only for the maintenance and education of said child, which had since deceased, whereupon the consideration of the note in suit had failed.

Grandison Eaton also filed a special answer to the same effect.

A reply was filed to each of these answers, denying that the support and education of the child constituted the sole consideration for the execution of the notes, and averring that part of said consideration was, that John A. Burns, a plaintiff in this action and also a payee of said note and the father of said Margaret, would abandon a suit about to be commenced for the seduction of said Margaret. Trial, and finding for the plaintiffs, and judgment over a motion for a new trial.

The report of the referees was introduced on the trial, and recited the submission of "the said prosecution and case of bastardy," and the award of said sum of six hundred dollars, and the execution of the notes, and that in consideration of said notes Margaret J. Burns acknowledged a sufficient provision for the education and maintenance of the child, and John A. Burns, the father and guardian of Margaret, in consideration of the foregoing premises, released and waived all right of action for damages and any and all proceedings for seduction arising out of or in any way connected with said case of bastardy. The death of the child was also proved.

Waiving the question as to the sufficiency of the answers, we examine the appellants' exception. It is objected, that

only the case of bastardy was submited, and that therefore that formed the only consideration for the notes. But the award, which was all the evidence on that subject, proves otherwise; and while the taking into consideration the release of the right of action by the father and guardian might have avoided the award at the time, yet as appellant did not pursue that course, but accepted the award and received the benefit of the release as part of the consideration of the notes, he cannot now deny the force of the instruments he has executed.

There is also error assigned as to the form of the judgment, but no objection was taken below, and we cannot consider the question as before us. *Bales* v. *Scott*, 26, Ind. 202.

The judgment is affirmed, with ten per cent. damages and costs.

*C. C. Nave*, for appellants.

*L. M. Campbell*, for appellees.