SAMUEL T. STANCILL *v.* SAMUEL CALVERT.

Trespass for mesne profits cannot be maintained by the lessor of the plaintiff in a previous *ejectment,* unless he go into actual possession of the premises after their recovery in such previous action.

Neither confession of lease, entry and ouster in the previous action, nor the fact that pending such action the plaintiff's interest in the premises was destroyed, affects this rule.

(*Poston* v. *Henry*, 11 Ire. 301, *Miller* v. *Melchor*, 13 Ire. 539, *Carson* v. *Smith*, 1 Jon. 106, cited and approved.)

TRESPASS. Q. C. F., tried before *Watts, J.,* at NORTHAMPTON, Spring Term 1869.

The declaration was for *mesne profits,* supplemental to a suit in ejectment between the parties (1 Winst. 104) for an easement in certain premises valuable mainly because of a steam saw mill and fixtures located thereupon.

It now appeared that during the pendency of the ejectment the defendant had removed the mill and fixtures out of the State, and that after the determination of that suit in favor of the plaintiff, he was not put in possession of the premises, and had made no entry upon them before the bringing of this suit.

Thereupon his Honor intimated an opinion that the plaintiff could not recover, and the latter submitted to a non-suit.

Rule, &c.; Rule discharged; Judgment, and Appeal.

*Bragg, Barnes* and *Peebles & Peebles,* for the appellant.

In *Poston* v. *Henry*, 11 Ire. 301, and *Carson* v. *Smith*, 1 Jon. 106, it is held that in actions for mesne profits after ejectment, plaintiff must be put in possession or let into possession of the premises to sustain the action.

In looking into the authorities, the above cases seem not to be sustained, except where there is judgment by default against the casual ejectors. Buller N. P. 87, Sel. N. P. 568 and note 51, 2 Sellon's Pr. 226, Adams Eject. 336 and note, Remington Eject. 167, 2 Roscoe, on Real Actions, 708, (Law Lib.) 2 Green. Ev. 299, Esp. N. P. 77, *Aslin* v. *Parkin*, 1 Sm. L. C.,

610, *Jackson* v. *Combs*, 7 Com. 36, *Morgan* v. *Varick*, 8 Wend. 587. But if the general rule be as decided in cases in this State, the peculiar circumstances of our case dispense with it. See *Stancill* v. *Calvert*—1 Wins. 104. The right which Jordan, (under whom plaintiff and defendant ,claimed) had in the premises, had ceased—the *locus in quo* had been taken possession of and enclosed by Stephenson, the .owner, and had plaintiff entered after defendant abandoned possession, he would, as to Stephenson, have been a trespasser.

*Ransom* and *Conigland, contra.*

PEARSON, C. J. This is an action of trespass, *quare clausum ,fregit,* for mesne profits and damages for converting parts of what constituted an easement, supplemental to an action of ,ejectment. See 1 Winston, 104.

His Honor was of opinion that the action could not be maintained, without proof that after the judgment in eject-ment, the lessor of the plaintiff had either under a writ of possession, or by entry (the premises being abandoned by the .defendant) taken possession, so that the after acquired pos-:session could be a point upon which to rest the right of rela-tion or *jus postliminii,* and from which to connect with the orig-inal possession. In this opinion his Honor is sustained by the .authority of three cases decided by this Court, which, to use a familiar expression, are "on all fours" with this case, *Poston* v. *Henry.* 11 Ire. 301, *Miller* v. *Melchor,* 13 Ire. 439, *Carson* v, *Smith,* 1 Jon. 106.

This ruling is excepted to on two grounds:

1. Admit the general rule—Trespass *quare clausum fregit,* with a *continuando* to cover the time of the pendency of the :action of ejectment, cannot be maintained unless possession has been taken under a writ of possession or by entry—there is an exception when the tenant in possession has confessed .''lease, entry and ouster." For this is cited a passage in Buller's N. P. 87, in which after stating the general rule, it is .said: "If there be judgment by default against the casual .ejector, to maintain trespass for the mesne profits there must

be proof of possession after the judgment in ejectment; but *it seems* that if the tenant in possession appears and confesses lease, entry and ouster, the judgment in ejectment, without further proof, will be sufficient to support the action." This suggestion is adopted, and B. N. P. 87 is quoted, by all text writers, both English and American; and one or two American cases were cited, in which this suggestion is acted on. But no English case to that effect was cited on the argument; probably for the reason given in Sanders' Pleading, 181: "A re-entry must be proved, to entitle the party to recover mesne profits. Some doubts seems to exist as to what proof of entry will be sufficient. The plaintiff should prove the writ of possession executed, in case the defendant does not voluntarily let him into possession, or where the judgment has been by default against the casual ejector, B. N. P. 87. Where the defendant has entered into the common consent rule, it does not appear to be necessary, though it is very usual, and perhaps prudent, to have the writ of possession executed; and it appears to be sufficient to prove that the defendant entered into it. B. N. P. 87. By entering into the rule to confess, the defendant is estopped, both as to the lessor and the lessee, from disproving the entry." How can this estoppel *supply proof* that the plaintiff had taken possession after the judgment in the action of ejectment!

The opinion in *Poston* v. *Henry, supra,* was delivered by Chief Justice Ruffin. He cites *Aslin* v. *Parkin.* It cannot be supposed that the attention of a Judge so learned and so diligent, had not been called to this passage in Buller, and to the fact that it is copied by all of the text books. So his silence in regard to it must be accounted for on the ground that it was considered by the Supreme Court of our State that a different practice was well established, or that the suggestion in Buller was not sustained by principle, and need not be noticed. How can the confession of entry by the lessee at the date of the demise, have the effect of giving either the lessor or the lessee possession after the termination of the action of ejectment, by the magic of estoppel, or in any con

ceivable manner; so that it can by relation connect itself with the possession at the date of demise, and thus give constructive possession for the intermediate term?

Again, the fiction of lease, entry and ouster, which the tenant in possession is required to admit as a condition precedent to his being allowed to be made defendant in place of the casual ejector, was adopted merely to save the trouble and expense of making an actual lease and entry. Why should it be carried further than is necessary to answer the purpose for which the fiction was devised!

There is this further objection to the suggestion in Buller: Suppose after the judgment in ejectment the defendant continues in possession, can trespass be maintained against him on the supposed effect of the confession of entry at the date of the demise? We will not pursue the subject further. It is enough that the ruling of his Honor is supported by three cases in our Court; and "the reason of the thing" is certainly not so strong against these decisions as to justify the Court in overruling them. Indeed, we are the less inclined to elaborate the matter, because, by the Code of Civil Procedure we are forced to take leave of our old friends "John Doe and Richard Roe," and to look upon all of the nice points about confessing lease, entry and ouster, as things that have been. Hereafter in an action for land or an easement in land, actual damages will be recovered, and there will be no elongation or supplemental action.

2. It was insisted that an after acquired possession should be dispensed with in this case, because the defendant had by his own wrong in removing and converting the saw mill, &c., made it impossible to take possession.

It appears by the facts agreed, that this removal and conversion took place in the Spring of 1860, and that the action of ejectment was tried at Spring Term 1863, so at the trial the plaintiff ought to have urged his right to have actual damages assessed, instead of nominal damages as in ordinary cases. This is the practice in cases where the title of the lessee has expired, so that a writ of possession cannot be executed;

*Miller* v. *Melchor, supra*: or the plaintiff should have brought an action of trover for the saw mill, which was made personally after severance. It does not, in the opinion of this Court, form a sufficient ground for departing from principle and allowing an action of trespass *quare clausum fregit* to be maintained, when there has been no injury to the plaintiff's possession, except that done by the orignal entry.

PER CURIAM.                              Judgment affirmed.