Filed May 11, 1889.

## No. 13,714.

## EVANS *v.* SCHAFER ET AL.

PLEADING.—*Complaint.*—*Defect of Parties.*— *Demurrer.*—A demurrer for a defect of parties does not question the sufficiency of the complaint to state a cause of action in favor of all the persons who are joined as plaintiffs.

REAL ESTATE.—*Action to Recover.*—*Complaint.*—*Judgment for Possession.*—*Absence of Prayer for.*—A judgment may be rendered for the possession of real estate, where the facts pleaded and proved entitle the plaintiff to that relief, although the complaint contains no specific prayer for possession.

From the Clark Circuit Court.

*D. C. Anthony* and *M. Clegg*, for appellant.

*J. H. Stotsenburg* and *E. B. Stotsenburg*, for appellees.

OLDS, J.—This action was commenced by Henry Schafer, in his lifetime, against Sargent W. Evans, the appellant, alleging that the said Henry Schafer, plaintiff, was the owner in fee simple and entitled to the possession of certain real estate described in the complaint, and that the defendant held the possession of the same without right, and for six years last past had unlawfully kept the plaintiff out of possession thereof, to plaintiff's damage $600, which sum is still due and unpaid. Prayer for judgment for $600, and all other proper relief.

During the pendency of the suit, the plaintiff, Henry Schafer, died, and Elizabeth Schafer, David Schafer, George Schafer, and David Schafer, as executor of the last will and testament of said Henry Schafer, deceased, were substituted as parties plaintiffs.

The appellant, the defendant below, demurred to the complaint for cause that " there is a defect in parties plaintiffs ; that the executor of the will, and not the heirs of Henry Schafer, is the proper plaintiff."

It will be observed that the executor of the will of Henry Schafer is one of the parties substituted as plaintiff.

It is urged that a complaint by several co-plaintiffs, to be sufficient, must show a good cause of action as to all the plaintiffs. That is true, when tested by a proper demurrer. A complaint in favor of several plaintiffs, to stand the test of a demurrer for want of facts sufficient to constitute a cause of action, must state a cause of action in favor of all the plaintiffs. Brumfield v. Drook, 101 Ind. 190 ; Brown v. Critchell, 110 Ind. 31. But the demurrer in this case is for a defect of parties, in that the executor is not a party, when he is in fact a party. The demurrer was properly overruled.

Objection is made that the judgment is rendered for the possession of the real estate, and that there is no specific prayer for the possession.

The complaint contained proper averments, which, if

proven, entitled the plaintiffs to possession, and it also contained a general prayer for relief.

There was an appearance, trial and finding in favor of the plaintiffs " that they are the owners, and entitled to the possession of the real estate described in the complaint, and that the defendant is in the unlawful possession of the same."

There was no error in rendering judgment for the possession of the real estate. *Shattuck* v. *Cox,* 97 Ind. 242 ; *Eaton* v. *Burns,* 31 Ind. 390 ; *Lowry* v. *Dutton,* 28 Ind. 473 ; *Shotts* v. *Boyd,* 77 Ind. 223.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed May 8, 1889.