Young, Adm'r, v. Downey.

145 261
87a 491

YOUNG, *Administrator Estate of* LEWIS DOWNEY, *Appellant*, v. DOWNEY *et al.*

Division Two, June 28, 1898.

1. **Actions**: TRESPASS TO RECOVER MESNE RENTS: FOR USE AND OCCUPATION: DISTINCTIONS. The action for *mesne* rents and profits differs from an action for use and occupation, in this, that the latter is founded upon a promise, express or implied, while the former springs from a trespass, an entry *vi et armis* upon premises, and a tortious holding. The action to recover *mesne* profits is *quare clausum fregit*, and can not be maintained without proof of the trespass. On the other hand, a petition that fails to aver that the relation of landlord and tenant ever existed between defendant and plaintiff, fails to state a cause of action for use and occupation. And a petition that states the defendants were in possession of the land at the time the suit was brought, fails to state a cause of action for trespass for *mesne* rents and profits.

2. ———: ———. In an action for trespass for *mesne* profits the right to recover is based on four things: *first*, title to or possession of the premises; *second*, expulsion of plaintiff; *third*, reception of rents or profits by defendant; and *fourth*, re-entry by plaintiff. No such action can be maintained in this State against a defendant in actual possession of the land.

*Appeal from the Platte Circuit Court.*—Hon. W. H.
Roney, Special Judge.

Affirmed.

*James W. Boyd* and *Benjamin Phillip* for appellant.

(1) This is not a suit for "use and occupation"
of the land described in the petition, but it is a suit in
trespass for the *mesne* profits received by the defend-
ants while in the unlawful possession of the lands. At
common law it was necessary, in order to recover in a
case of this kind, to show, *first*, title to or possession
of the premises; *second*, expulsion of the plaintiff;
*third*, reception of rents or profits by defendant;
*fourth*, re-entry by the plaintiff. 26 Am. and Eng.
Ency., p. 616, sec. 4 and cases cited. At common law
it was necessary to show re-entry by the plaintiff.
Under the decisions even a judgment in ejectment was
not sufficient, but it was necessary that possession
should be restored to the plaintiff before he could
maintain suit in trespass for *mesne* profits. Authori-
ties *supra*. The petition in this case shows that the
title to the property was in the plaintiff's intestate;
that the plaintiff's intestate has been ousted from the
premises; that rents and profits have been received by
the defendant. (2) Under our statute it is no longer
necessary for a plaintiff to recover possession of the
property before he is entitled to a judgment for *mesne*
profits. He may now sue in ejectment and in that suit
ask for the *mesne* profits received by the defendant
and recover them in the same suit together with the
land. To this extent the common law has been abro-
gated by our statute. Under the common law the rents
and profits could not be recovered in an ejectment suit
by way of damages. Sedgwick & Waite on Trial of
Title to Land, sec. 647; Tyler on Ejectment, sec. 838.

After recovery in ejectment, trespass for *mesne* rents and profits was the remedy. Sedgwick & Waite on Trial of Title to Land, sec. 648; Tyler on Ejectment, sec. 838. (3) This administrator could not maintain a suit in ejectment against the defendants, for he has no title to the land. The heir alone can sue in ejectment, but the heir is entitled to recover the rents and profits in his ejectment suit only from the time his ancestor died. He can not recover the rents and profits which were received prior to the time that he obtained title to the land. The right to recover these rents and profits descended to the administrator. *Beely v. Blakes*, 70 Mo. App. 229. As the administrator is the owner of these rents and profits and has no right to sue in ejectment for the land, it follows that if he can not maintain this suit without first instituting a suit in ejectment and recovering possession of the lands therein, he is without remedy. The heir can not sue for these rents because they accrued before the death of his ancestor, and, therefore, do not pass to the heir. If the administrator can not recover them in this suit the result is that the defendants, who wrongfully took possession of the property and have collected the rents and profits, will be allowed to keep them without accounting to the heir or to the administrator. This can not be the law. If one is entitled to sue in ejectment for lands of which he has been wrongfully disseized, dies before he brings his suit or while the suit is pending and before judgment, his administrator, at least in equity, will be entitled to recover the rents and profits which have been wrongfully received by the disseizor. *Robinson v. Walker*, 50 Mo. 19.

*Jas. W. Coburn* for respondents.

(1) An administrator may have the same remedy for rent unpaid as the deceased would have had.

R. S. 1889, sec. 6363. A landlord may recover a reasonable satisfaction for the use and occupation of any lands and tenements held by any person under an agreement not made by deed. R. S. 1889, sec. 6375. (2) To support an action for use and occupation, the plaintiff must prove that the defendant occupied the premises under his permission, or some person under whom he claims; a stranger can not try his title in this form of action; a demise expressed or implied must be proved. 2 Ency. Pleading & Practice, p. 1026; 12 Amer. & Eng. Ency., pp. 756, 757 and notes; *O'Fallon v. Boismenu*, 3 Mo. 405; *Hood v. Matthis*, 21 Mo. 313; *Cohen v. Kyler*, 27 Mo. 122; *Hutton v. Powers*, 38 Mo. 353; *Edmonson v. Kite*, 43 Mo. 176; *Aull Savings Bank v. Aull*, 80 Mo. 199; *Robertson v. Railroad*, 18 Mo. App. 185; *McLaughlin v. Dunn*, 45 Mo. App. 645; *Sturges v. Botts*, 24 Mo. App. 286; *Hynes v. Ecker*, 34 Mo. App. 658. (3) Privity of contract is not required in actions for money had and received in actions affecting personalty—but is required in actions concerning realty. *Tamm v. Kellogg*, 49 Mo. 121. A trespasser can not be sued for use and occupation, nor can a landlord waive the tort and proceed against him as a tenant. *Edmonson v. Kite*, 43 Mo. 176. (4) Appellant's remedy, if he has any, is by suit in ejectment, as all the authorities hold.

Burgess, J.—On the twelfth day of March, 1896, plaintiff as administrator of the estate of Lewis Downey, deceased, began suit in the circuit court of Platte county against J. M. Downey and William Rees to recover compensation for the use and occupation by them of certain lands described in the petition.

On August 11, 1896, plaintiff filed in said court his amended petition, which, omitting formal parts, is as follows: Plaintiff states that Lewis Downey died

intestate in the county of Clay in the State of Missouri, on or about the fifteenth day of June, 1895, and that afterwards to wit, on the —— day of February, 1896, this plaintiff was duly and regularly appointed the administrator of the estate of said Lewis Downey, deceased, by the probate court of Clay county, Missouri; that he duly qualified as such administrator and gave bond as such in the manner prescribed by law, and that letters of administration were issued to plaintiff upon the estate of said Downey, deceased, by said probate court, and that he is now acting as such administrator, and is in charge of said estate; that at the date of his death the said Lewis Downey was twenty years and six months old; that from the —— day of ———, 1876, to the date of his death, the said Lewis Downey, deceased, was the owner of and entitled to the possession of the following described real property, to wit, all of sections twelve, thirteen and twenty-four, in township fifty-four, of range thirty-seven, in Platte county, Missouri, and that during all of said time he was entitled to the possession of said lands, and to all the rents, issues and products thereof. That shortly after said Downey became the owner of and entitled to the possession of said property and while he was in possession thereof, to wit, on or about the first day of January, 1877, the defendants herein wrongfully and unlawfully entered into the possession of said premises and unlawfully and wrongfully held, occupied, used and enjoyed the same from said time down to date of the death of said Downey, as hereinabove stated. That during all of said time the defendants held and used all of said lands exclusively and refused at all of said times to permit said Lewis Downey to enter into the possession of or use or enjoy said premises or any portion thereof or to recognize his ownership thereof or right to the possession, use or benefit thereof, and

at the date hereinabove mentioned on which the defendants took possession of said property they ousted said Downey, deceased, from the possession thereof, and ever afterwards refused to permit him to take possession of or use any portion of said property, well knowing during all of said time that the said Lewis Downey owned and claimed to own all of said property and the rents, issues and profits thereof; that defendants are yet at this time unlawfully in the possession of said real property. That the reasonable rental value and rents, issues and profits of said premises so held, used and enjoyed by defendants during said time and which belonged to said Downey, deceased, and which are now assets of his estate, was and is the sum of $20,000, and that by reason of the facts aforesaid the said Downey was damaged and defendants were indebted to him at the time of his death in the said sum of $20,000. That said sum is past due and is wholly unpaid. Wherefore, plaintiff prays judgment against the defendants in the sum of $20,000, together with his cost in this behalf expended.

Thereafter on the same day, defendants demurred to said amended petition for the following grounds of objection, viz.:

1. Because the amended petition does not state facts sufficient to constitute a cause of action.

2. Because said amended petition does not set out that defendants were in possession of the lands mentioned therein with the consent or permission of plaintiffs, nor that defendants ever agreed or promised to pay rents for said lands or for the use and occupation thereof.

3. Because the amended petition sets out a different cause of action from that contained in the original petition herein.

4. Because the amended petition is inconsistent with and contradictory of the original petition herein.

The demurrer was sustained, and plaintiff declining to plead further judgment was rendered against him for costs. He appealed.

Plaintiff contends that this is an action of trespass to recover *mesne* rents and profits of the lands in question, while defendants contend that it is an action for its use and occupation. The distinction between the two actions is stated by JOHNSON, J., in *Thompson v. Bower*, 60 Barb. (N. Y.) 477, to be as follows: "The action for *mesne* profits differs from an action for use and occupation, in this, that the latter is founded upon a promise, express or implied, while the former springs from a trespass, an entry *vi et armis*, upon premises, and a tortious holding. The action to recover *mesne* profits is an action *quare clausum fregit* and can not be maintained without proof of the trespass."

If defendants' position is correct the petition fails to state a cause of action, in that it is not averred or shown by it that the relation of landlord and tenant ever existed between defendants and plaintiff's intestate, Lewis Downey, and it is only in such circumstances that such an action can be maintained. "To enable the plaintiff to recover (in such case) it must appear that the relation of landlord and tenant has existed between the plaintiff and the defendant; that there was a contract of renting express or implied; and that the defendant has held or occupied the land with the permission of the plaintiff." 2 Ency. of Pleading and Practice, 1026; *Aull Savings Bank v. Aull*, 80 Mo. 199; *Hood v. Mathis*, 21 Mo. 308; *Cohen v. Kyler*, 27 Mo. 122; *Hunton v. Powers*, 38 Mo. 353; *Edmonson v. Kite*, 43 Mo. 176, and authorities cited. It thus seems clear that the petition fails to state a cause of action for use nd occupation.

But plaintiff's counsel ingeniously argue that the action is one in trespass for *mesne* profits received by defendants while in the unlawful possession of the lands, and for an action of that character the petition states a cause of action. In an action for trespass for *mesne* profits at common law the right of recovery is said to be based on four things; *first*, title to or possession of the premises; *second*, expulsion of plaintiff; *third*, reception of rents or profits by defendant; *fourth*, re-entry by plaintiff. 26 Am. and Eng. Ency. of Law, 616; Waterman on Trespass, sec. 1160. The petition not only fails to state all of these essential facts, but it alleges that defendants were in the possession of the lands at the time of the commencement of this suit, which we think renders it fatally defective. Tyler on Ejectment, 838, 839, 840; *Hughes v. Carson*, 90 Mo. 399.

No such action can be maintained in this State against a defendant in actual possession of the land. *Cochran v. Whitesides*, 34 Mo. 417; *Brown v. Carter*, 52 Mo. 46. By statute (R. S. 1889, sec. 4638), a plaintiff who regains possession of land by ejectment, may recover the rents in such action by way of *mesne* profits, and therefore will not be permitted to bring trespass for *mesne* profits while the defendant is in the possession of the land. *Fry v. The Branch Bank of Mobile*, 16 Ala. 282.

The demurrer was properly sustained and the judgment will be affirmed.

GANTT, P. J., and SHERWOOD, J., concur.