(55 App. Div. 503.)

### ALT v. GRAY.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. COMPLAINT—SUFFICIENCY—MESNE PROFITS.

Where a complaint alleged that plaintiff was a landlord or lessee of certain real estate, and that defendant wrongfully occupied the premises, and enjoyed the rents thereof, the action could not be maintained as one for mesne profits of land, since one must recover possession before he is in a position to claim mesne profits.

2. SAME—TRESPASS.

The action could not be maintained as one for trespass, no possession being alleged, and the allegation that plaintiff was the landlord or lessee not being an allegation of title.

Appeal from special term, New York county.

Action by William Alt against Patrick Gray. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

The complaint reads as follows: "The plaintiff, complaining of the defendant herein, by this, his amended complaint, respectfully shows to this court: First. That at and during all the times hereinafter mentioned the plaintiff was the landlord or lessee of certain real property or premises commonly known as and by the street number 234 East 126th street, in the city of New York, borough of Manhattan, and as such landlord or lessee he was at all of said times lawfully entitled to the use, enjoyment, possession, occupation, and control of the said premises, and of each and every part thereof, as well as to the rents, issues, and profits thereof; all of which was at and during said period well known to this defendant, as plaintiff is informed and verily believes. ·Second. That the plaintiff became the lessee or landlord of said premises on or about the 1st day of December, 1897, and he so continued continuously for the period of two years next thereafter. Third. That at and during all the said time or period herein mentioned the defendant, for the purpose and with the intent of depriving and withholding from the plaintiff the use, occupation, and enjoyment of the said premises, and of the rents, issues.

and profits thereof, and in hostility to the said plaintiff's right, title, and interest of, in, and to the said premises, and of, in, and to the rents, issues, and profits thereof, and for the purpose of ousting and keeping the plaintiff ousted from the said premises, wrongfully occupied, possessed, used, and enjoyed the said premises, and the rents, issues, and profits thereof, and has wrongfully refused to vacate same upon lawful demand of the plaintiff, which the plaintiff frequently and duly made of the defendant, and the defendant wrongfully exercised dominion and acts of ownership over said premises, with the intent to cause loss and damage to the plaintiff, fully knowing at all of said times of the plaintiff's aforesaid rights of, in, and to the aforesaid premises, as plaintiff is informed and verily believes. Fourth. That the fair, reasonable, and market value of the use and occupation of the said premises for the period aforesaid is and was $960, as plaintiff is informed and verily believes, and that the plaintiff has duly demanded of the defendant the payment to him of the said sum, but that the defendant has wrongfully refused, and still refuses, to do so, and that no part thereof has ever been paid, and that there is now due, owing, and payable therefor by the defendant to the plaintiff the said sum of $960, with interest. Fifth. That by reason of the premises and of the wrongful acts and omissions of the defendant the plaintiff has been damaged in the sum of $960, with interest. Wherefore plaintiff demands judgment against the defendant for the sum of $960, with interest, besides the costs and disbursements of this action."

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Jos. A. Flannery, for appellant.
S. I. Frankenstein, for respondent.

PATTERSON, J.  The demurrer to the amended complaint should have been sustained. It is admitted by the respondent that the action is not one for rent as such, nor one for use and occupation; but he insists that the complaint states facts constituting a cause of action either for the mesne profits of land or for trespass to or upon land. The action cannot be maintained in the first-mentioned aspect for the reason that the plaintiff must recover possession of the land in some lawful manner before he is in a position to claim the rents and profits taken by a disseisor (Bockes v. Lansing, 74 N. Y. 437–442), or the damages inflicted by being kept out of possession. The mesne profits are incident to the title and possession. Sedg. & W. Tr. Title Land, § 648. The complaint cannot be held sufficient as one framed in trespass to land in any form in which that action will lie. Title or possession in a plaintiff is necessary to the maintenance of such an action. Holmes v. Seely, 19 Wend. 507. Here there is neither an allegation of actual possession nor of its equivalent, "possession which the legal title draws after it," to use the expression of Nelson, C. J., in the case cited. The plaintiff does not aver that he is the owner. He says he is the landlord of lessee. Such an alternative allegation amounts to nothing. The plaintiff does not know or does not state what his real relation to the land is. He is bound to allege title; that is, to set forth facts enough to show that he has title. If his action were intended to be one for damages for withholding possession, the plaintiff has failed to show his right. He has only made a naked claim to possession. He has not stated facts sufficient to sustain an action for forcible entry and detainer, nor for trespass quare clausum fregit. No wrongful entry is alleged, nor wrongful holding over after the expiration of a term, nor any-

thing to show a right in the plaintiff to possession under a lease from one entitled to that possession or to transfer it. The complaint cannot, of course, be regarded as one in trespass to try title. It is radically defective. The judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend within 20 days on payment of costs in this court and in the court below. All concur.