[Sac. No. 1979. Department One.—January 25, 1913.]

CHARLES P. NATHAN, Respondent, v. EDA B. DIERS-
    SEN, as Executrix of the Last Will and Testament of
    George E. Dierssen, Deceased, Appellant.

EJECTMENT—MESNE PROFITS—JOINDER OF CLAIMS IN ONE ACTION.—
    Whatever may be the right in this state of one out of possession of
    land to sue for mesne profits alone without setting up possession or
    the recovery of judgment in ejectment, section 427 of the Code of
    Civil Procedure authorizes a plaintiff unlawfully dispossessed to
    unite in the same action a claim "to recover specific real property,"

with one for "damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same."

ID.—DEMAND FOR MESNE PROFITS WITHOUT PRIOR POSSESSION OR JUDGMENT IN EJECTMENT.—Under that section, a demand for mesne profits may be enforced without prior possession or judgment in ejectment when the demand is made in the very action of ejectment itself.

ID.—ACTION FOR MESNE PROFITS—ALLEGATIONS SHOWING RIGHT OF POSSESSION—ANSWER—JUDGMENT.—Where a complaint alleges the ownership of land in the plaintiff, that the defendant wrongfully entered and dispossessed him and that he still keeps him out of possession, and also facts essential to a demand for rents and profits, but without praying for restitution of the premises, and the answer takes issue thereon, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issues, and the action may properly be regarded as one for the recovery of possession, as well as for rents and profits.

ID.—RESTITUTION OF POSSESSION PENDING ACTION—JUDGMENT FOR MESNE PROFITS.—In such action, the fact that the plaintiff came into possession of the premises after the commencement of the action did not deprive him of his right to a judgment for mesne profits. Such a judgment may be rendered, without a judgment for restitution, or findings establishing the plaintiff's right to restitution.

ID.—DAMAGES—INTEREST ON MESNE PROFITS.—The plaintiff is entitled to recover in such action interest on the amount found to be the value of the rents, issues, and profits, from the date of the restitution of the possession to the date of the judgment.

ID.—EVIDENCE OF DAMAGES—RENTAL VALUE.—The damages in such an action may be established either by showing the rents and profits actually received or by proving the rental value of the land.

ID.—FAILURE TO BRING ACTION TO TRIAL FOR FIVE YEARS—STIPULATION FOR DELAY—DISMISSAL.—Under section 583 of the Code of Civil Procedure, the failure to bring an action to trial within five years after the answer had been filed will not necessitate its dismissal, if the parties had stipulated in writing for the extension.

ID.—JUDGMENT AGAINST ESTATE—PAYABLE IN COURSE OF ADMINISTRATION.—A judgment for mesne profits against the estate of a deceased person should be made payable in due course of administration.

APPEAL from a judgment of the Superior Court of Yolo County and from an order refusing a new trial. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

Devlin & Devlin, for Appellant.

D. E. Alexander, and White, Miller & McLaughlin, for Respondent.

SLOSS, J.—The action was brought by Charles P. Nathan against George E. Dierssen to recover the rents, issues, and profits of a tract of land in Yolo County, alleged to have been unlawfully withheld from plaintiff by defendant. Pending the action the original defendant died and Eda B. Dierssen, as executrix of his last will, was substituted in his stead. A supplemental complaint alleged the presentation of a claim by the plaintiff to the executrix. Upon a trial without a jury, the court rendered judgment in favor of the plaintiff for $2,592.75, and from this judgment and an order denying her motion for a new trial the defendant appeals.

The present action was commenced in May, 1902. It appears from the bill of exceptions that in July, 1898, the plaintiff Nathan had commenced a former action against Dierssen and another to quiet his title to the land in question, and for restitution of the possession thereof, and that on April 22, 1902, a judgment in accordance with plaintiff's prayer had been entered in said action. An appeal was taken to this court, and the judgment was affirmed on the twenty-third day of February, 1905. (*Nathan* v. *Dierssen,* 146 Cal. 63, [79 Pac. 739].) It appeared further, that pending said appeal, to wit, on November 1, 1902, Dierssen surrendered possession of the premises to the plaintiff. Such surrender, it will be noted, took place after the commencement of the present action.

The appellant contends that, under this state of facts, the plaintiff was not entitled to maintain an action for rents and profits, for the reason that he was not, at the date of the filing of his complaint, in possession of the land. It was without doubt the established rule at common law that an action against a wrongful disseisor for mesne profits could not be maintained except by a plaintiff who had regained actual possession of the premises (15 Cyc. 213, 215; *Stancill* v. *Calvert,* 63 N. C. 616; *Caldwell* v. *Walters,* 22 Pa. St. 378; *Ainslie* v. *Mayor of New York,* 1 Barb. 168; *Alt* v. *Gray,* 55 App. Div. 563, [67 N. Y. Supp. 411]; *Young* v. *Downey,* 145 Mo. 261,
CLXIV. Cal.—39

[46 S. W. 962]), or, at least, had recovered a judgment in ejectment. (*Shipley* v. *Alexander,* 3 Har. & J. (Md.) 84, [5 Am. Dec. 421]; *Brewer* v. *Beckwith,* 35 Miss. 467; *Winkley* v. *Hill,* 6 N. H. 391; see *Locke.* v. *Peters,* 65 Cal. 161, [3 Pac. 657].) As we have seen, the plaintiff did not have actual possession. And, even a holding that the rule is satisfied by a prior recovery of judgment for possession would not avail plaintiff here, since the complaint fails to allege, and the findings to state, that there had been any recovery in ejectment.

The position of the respondent is, however, that the doctrine requiring a plaintiff before suing for mesne profits, to retake possession or to establish his right of possession by a judgment in ejectment has been abolished by the provisions of our codes, and that, in this state, the action may be maintained by any one who has wrongfully been kept out of a possession to which he was entitled. It is unnecessary to pass upon the merits of this broad contention. Whatever may be the right of one out of possession to sue for mesne profits alone without setting up possession or the recovery of judgment in ejectment, section 427 of the Code of Civil Procedure unquestionably authorizes a plaintiff unlawfully dispossessed to unite in one and the same action a claim ''to recover specific real property'' with one for ''damages for the withholding thereof; or for waste committed thereon, and the rents and profits of the same.'' The appellant concedes that under this section, a demand for mesne profits may be enforced without prior possession or judgment in ejectment when the demand is made in the very action of ejectment itself.

We think the present action may properly be regarded as one for the recovery of possession, as well as for rents and profits, and that it therefore comes within the permissive provision of section 427. The complaint contains every allegation necessary in an action of ejectment. It alleges ownership in plaintiff, that defendant wrongfully entered and dispossessed him and that he still keeps him out of possession. No further averment was required. (*Payne* v. *Treadwell,* 16 Cal. 220; *Salmon* v. *Symonds,* 24 Cal. 261; *Johnson* v. *Vance,* 86 Cal. 128 [24 Pac. 683]; *F. A. Hihn Co.* v. *Fleckner,* 106 Cal. 95, [39 Pac. 214].) There was, therefore, a statement of every fact necessary to entitle the plaintiff to a

judgment for possession of the premises, together with the facts essential to a demand for rents and profits. It is true that the complaint contains no prayer for the restitution of the premises. If the defendant had defaulted, judgment for such possession could not properly have been rendered. But when an answer has been filed and issues raised, the court may grant plaintiff any relief "consistent with the case made by the complaint and embraced within the issue." (Code Civ. Proc., sec. 580; *Walsh* v. *McKeen,* 75 Cal. 519, [17 Pac. 673]; *Johnson* v. *Polhemus,* 99 Cal. 240, [33 Pac. 908]; *Kent* v. *Williams,* 146 Cal. 3, 11, [79 Pac. 527]; *Zellerbach* v. *Allenberg,* 99 Cal. 57, [33 Pac. 786].) The moment the answer was filed, therefore, the case became one in which the court, regardless of the prayer of the complaint, would have been authorized to grant any relief consistent with the plaintiff's averments. Such relief could properly have included a judgment for the restitution of the possession with the recovery of the rents and profits. (*Evans* v. *Schafer,* 119 Ind. 49, [21 N. E. 448].)

The fact that no judgment for restitution was in fact given is of no consequence. There was no occasion for any such judgment in view of the fact that during the pendency of the action possession had been restored to the plaintiff. For the same reason the court was not required to make findings establishing the plaintiff's right to a restitution of possession. If the action was one in which, under the issues framed, a judgment for restitution and rents and profits might properly have been rendered, the fact that the plaintiff came into possession of the premises after the commencement of the action did not deprive him of his right to a judgment for mesne profits. ( *Crispen* v. *Hannovan,* 86 Mo. 160; *McChesney* v. *Wainwright,* 5 Ohio, 452; *Venner* v. *Underwood,* 1 *Root* (Conn.) 73; *Price* v. *Sanderson,* 18 N. J. L. 426.)

The findings declared that the value of the rents, issues, and profits of the premises during the period of the withholding was $1,733.33. The court further found that the plaintiff was entitled to interest on this amount from the first day of November, 1902, the date of the restitution of the possession, to the date of judgment. The appellant contends that the allowance of interest was not justified. But the contrary has been directly held by this court. In *Furlong* v. *Cooney,* 72

Cal. 322, [14 Pac. 12], the court, in defining the measure of damages in a case like this, states that "interest also may be allowed when necessary to a complete indemnity."

We see no error in allowing evidence to show the rental value of the property. The appellant concedes that the damage in cases of this kind may be established either by showing the rents and profits actually received or by proving the annual rental value of the land. The latter course was the one followed here, and we think the testimony offered by plaintiff fairly tended to show the reasonable rental value. The answers of some witnesses with respect to this point are criticised, but the objections go rather to the weight of their testimony than to its admissibility.

The answer was filed June 19, 1902. The case was not tried until June 15, 1909. The defendant moved to dismiss the action upon the ground that five years had elapsed after the filing of defendant's answer. But section 583 of the Code of Civil Procedure, which directs a dismissal where there has been such delay, makes an exception of cases where "the parties have stipulated in writing that the time may be extended." There was ample evidence here to justify the court in holding that stipulations to this effect had been made. There was no error in denying the motion.

Finally, the appellant contends that the judgment, being against the executrix upon a demand against the estate of her testator, should have been made payable in due course of administration. (Code Civ. Proc., sec. 1504.) This contention seems to be well founded, and the judgment will be modified accordingly.

The judgment is modified by adding thereto, after the words "as executrix of the last will and testament of George E. Dierssen," the words "the same to be paid in due course of administration of the estate of said decedent," and as so modified the judgment is affirmed.

The order denying a new trial is affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.